**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ALI LAMAR CROSS,**

**Plaintiff,**

**v.**

**DIRECTOR OF FEDERAL BUREAU OF INVESTIGATION,**

**Defendant.**

**Case No. 26-1243-DDC-GEB**

# MEMORANDUM AND ORDER

Before the court is United States Magistrate Judge Gwynne E. Birzer's Report and Recommendation (Doc. 14). Judge Birzer recommends that the court dismiss this case for violating Fed. R. Civ. P. 8(a). *Id.* at 3–4. Plaintiff Ali Lamar Cross[1] received notice of the right to object to the Report and Recommendation within 14 days of its service under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). *Id.* at 5. The Report and Recommendation also explained that plaintiff, to secure appellate review, must file any objections within the 14-day period. *Id.*

The Clerk of the Court sent a copy of the Report and Recommendation to plaintiff by certified mail, using the address plaintiff provided to the court. Service of the Report and Recommendation was accomplished by "mailing it to [plaintiff's] last known address—in which

[1] Because plaintiff appears pro se, the court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court can't assume the role of his advocate. *Id.* Also, plaintiff's pro se status doesn't excuse him from "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

event service [was] completed upon mailing." Fed. R. Civ. P. 5(b)(2)(C); *ReVoal v. Brownback*, 2014 WL 5321093, at *1 (D. Kan. Oct. 16, 2014). Mailing occurred on October 30, 2026, when the Clerk mailed the Report and Recommendation to plaintiff.[2] The time for plaintiff to object thus expired on November 13, 2026.

Plaintiff didn't file a timely objection. So, the court now can accept, adopt, and affirm the Report and Recommendation. And it does so. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *see also Garcia v. City of Albuquerque*, 232 F.3d 760, 766–67 (10th Cir. 2000) (explaining under Fed. R. Civ. P. 72(b) a district court must make a de novo determination only for those portions of the report and recommendation to which a party specifically has objected).

Having reviewed plaintiff's Complaint (Doc. 1) and Judge Birzer's Report and Recommendation (Doc. 14), the court concludes that Judge Birzer's analysis and conclusions are sound. The court thus dismisses this action without prejudice under Fed. R. Civ. P. 41(b).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Complaint (Doc. 1) is dismissed without prejudice. The court directs the Clerk to close this case.

**IT IS FURTHER ORDERED THAT** the Report and Recommendation issued by United States Magistrate Judge Gwynne E. Birzer (Doc. 14) is **ACCEPTED, ADOPTED, AND AFFIRMED**.

[2] The court has struggled to mail things to plaintiff for the entirety of this case's three-month history. An exhibit submitted with the Complaint listed a Wichita address. Doc. 1-7 at 1. But mail sent to that address came back to the court unclaimed. Doc. 7. Plaintiff then updated his address to a general-delivery address. Doc. 9. The court's attempts to send mail to that address also failed. Doc. 12. The court tried a final California address retrieved from his most recent filing, Doc. 11 at 9, but that mail was returned to the court as well, Doc. 15. Plaintiff's filings indicate that he is homeless, making it very difficult for the court to contact him via mail. Though plaintiff's circumstances are far from ideal, our local rules require a pro se party to notify our court of any change of address. D. Kan. Rule 5.1(b)(3).

**IT IS SO ORDERED.**

**Dated this 17th day of November, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**